10-3354-ag
Chan v. Holder

BIA
A098 594 204

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand eleven.

PRESENT:
    RALPH K. WINTER,
    REENA RAGGI,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

KUOK WA CHAN, also known as LIN YONG CHEN, also known as LING YONG CHEN,
        *Petitioner,*

        v.                                      10-3354-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Michael Brown, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Terri J. Scadron, Assistant
                        Director; Hillel R. Smith, Trial
                        Attorney, Office of Immigration
                        Litigation, Civil Division, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Kuok Wa Chan, a native and citizen of China, seeks review of an August 4, 2010, decision of the BIA denying his motion to reopen. *In re Kuok Wa Chan,* No. A098 594 204 (B.I.A. Aug. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA evaluates country conditions evidence, we review that determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Chan's motion to reopen was untimely, as it was filed more than one year after the agency's order of removal became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not apply to a motion to reopen asylum proceedings that is "based on changed circumstances arising

in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(i).  Chan argues that the BIA abused its discretion in declining to credit the unauthenticated village notice he submitted and in finding that he failed to establish changed country conditions.

As a preliminary matter, the BIA did not err in concluding that Chan's Falun Gong activities in the United States constituted a change in personal circumstances, not a change in conditions "arising in the country of origin," 8 U.S.C. § 1229a(c)(7)(C)(ii);  8 C.F.R. § 1003.2(c)(3)(ii), and therefore were not sufficient to overcome the time limitation for filing a late motion to reopen, *see*, *e.g.*, *Wei Guang Wang v. BIA*, 437 F.3d 270, 272-74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *Li Yong Zheng v. U.S. Dep't of Justice*,

3

416 F.3d 129, 130-31 (2d Cir. 2005) (holding that a change in personal circumstances does not qualify as "changed circumstances" so as to invoke the exception provided by 8 C.F.R. § 1003.2(c)(3)(ii)).

Chan's arguments that the BIA abused its discretion in declining to credit the unauthenticated village notice he submitted and in concluding that he failed to establish changed country conditions are unavailing. Contrary to Chan's assertion, the BIA reasonably declined to credit the notice in light of the absence of authentication and the prior adverse credibility finding. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (concluding that the BIA did not abuse its discretion in discrediting a purported village notice where the document was not authenticated and the alien had been found not credible). Nor was the BIA required to credit Chan's or his mother's affidavit. *Id*. at 148 (concluding that the BIA did not abuse its discretion in declining to credit documents submitted with a motion to reopen where alien had been found not credible in the underlying asylum hearing). Chan contends that when considered together, his evidence is sufficient to satisfy the "heavy burden" placed on an

4

untimely motion to reopen. However, given that the United States Department of State's 2007 Profile on China indicated a continuation, rather than a change, in conditions for Falun Gong practitioners since Chan's 2006 merits hearing, and that Chan's other newly submitted evidence was insufficient to meet his burden, the BIA did not abuse its discretion in denying Chan's motion as untimely because Chan failed to demonstrate materially changed country conditions relevant to his claim. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (providing that State Department reports are probative).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5